OPINION of the court, by
Judge Boyle.
-The. plaintiffs in this case brought their suit of trespass and ejectment in the court below against the defendant, and, obtained judgment of eviction, for the land in controversy. At the time of rendering the j udgment, the court, under the authority of the act of assembly concerning occupying claimants of land, on motion of the defendant, appointed commissioners, with directions to go upon the land in controversy, and estimate the improvements, &c. and report to the court. At a subsequent term, the commissioners having made their report, the court gave judgment for the defendant against the plaintiffs, for the amountef the value of the improvements made prior to the date of the declaration in eject-, ment, after deducting therefrom, the rents which had accrued, and also for his costs expended about his said motion. To reverse this judgment, the plaintiffs have brought this writ of error, and have assigned the following errors, to wit:
“• 1st. The inferior court erred in directing commissioners to be appointed, this case not being within the law concerning occupying claimants of land,
2d. The court erred in confirming the report.”
These two errors seem to lead to the general enquiry, whether under the authority of the act of assembly, before alluded to, the defendant is entitled to demand from the plaintiffs a compensation for the value of the improvements made on the land in controversy. By the second proviso, in the eighth section of the act, it is declared, that in no case, shall the proprietor of the better title, be obliged to pay to the occupying claimant, for improvements made after notice, more than what is equal to the rents and profits. It becomes then material, to ascertain, when the defendant received notice of the claim of the plaintiffs, and at what period his improvements were made, for the amount of which, he has obtained judgment in the inferior court.
It was agreed by the parties, as appears from the record filed herein, that Charles Barbour, a co-defendant in the inferior court, and under whose title the defendant claimed, on the 17th day of July 1798, entered a caveat against the claim of the plaintiffs, in the court of *63 §úafíer session for Washington county ; which caveat^ at the next August term of said court, was dismissed; and that the defendant settled on the land in controversy, on the 24th day of December 1798, since: which time, the improvements for which he claims compensation, have been made.
By the enacting clause of the eighth seetion of the' above mentioned act of the general assembly, a suit either in law or equity, brought by one or the other of th@ parties, is declared to be a notice within the meaning of the act.
It seems to the court, that a caveat, is a suit within the letter of the law, and obvious intention of the Legislature, and that whatever may have been the cause or time of the dismission of the caveat, brought by Charles Bar-* bour, against the plaintiffs, it should operate as a notice to him, and all those claiming under him, without being subject to the limitations prescribed by the law * as to notices given otherwise than by suit.
Judgment reversed.

 Note. — By the act of 1797, the notices of adversary claims are defined ; suits, in lam, or equity, on delivering an attsfted copy of the entry, survey or patent — Provided, that the notice given by delivery of an attefted copy, as afotefaid, ¡hall be void, unless suit is brought within one year thereafter.